## SOUTH TEXAS BANK & TRUST CO. v. COCKE.

### No. 9489.

Court of Civil Appeals of Texas.
San Antonio.

May 2, 1934.

Rehearing Denied June 13, 1934.

W. D. Masterson, Jr., and Terrell, Davis, Hall & Clemens, all of San Antonio, for appellant.

E. B. Cocke, of San Antonio, for appellee.

FLY, Chief Justice.

This suit was instituted by appellee against appellant, on December 4, 1933. Afterwards appellee applied for and obtained a temporary writ of injunction to prevent the sale of certain mortgaged property under the provisions of the act known as the Moratorium Law, which became effective May 1, 1933 (Acts 1933, c. 102 [Vernon's Ann. Civ. St. art. 2218b]). That law in substance provides that it shall be applicable to all suits pending at the time the act became effective and to all suits that might be filed during the time the law is effective; that is, one hundred and eighty days from the time it became effective. In this case appellee applied for a temporary writ of injunction to restrain the sale of certain property under and by virtue of a deed of trust executed by him on certain property. The injunction was granted on February 20, 1934, a temporary restraining order having been granted theretofore and the case set for hearing on the above date.

At the time that the suit was filed, on December 4, 1933, two hundred and eighteen days had passed since the act went into effect; that is, the suit was filed thirty-eight days after the time to which the law was limited and eighteen days after the two hundred days provided for in the act in which relief might be obtained. At the time the action was filed there was no law under which appellee could obtain a writ of injunction merely for the purpose of delaying the sale of the property. The writ, however, was applied for under the terms of the Moratorium Act which became effective May 1, 1933, and at a time when that act by its very terms had ceased to exist. The merits of the case must be fixed by the terms of that law. Under the circumstances the judgment must necessarily be reversed and the cause dismissed.

Reversed and dismissed.